UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WANDA GARDNER, SHARON HAYNES, DENNIS HICKLE, RICHARD HICKLE, LEONA DE KOKER, and DORIS STOKES, | ) ) ) ) ) | |
| | ) | 1:15-cv-01053-RLY-DKL |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| BARBARA HICKLE and ESTATE OF JOHN R. HICKLE, | ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON BARBARA HICKLE'S UNOPPOSED
MOTION FOR SUMMARY JUDGMENT**

This case involves a dispute regarding who should receive a death benefit payable under an annuity contract issued by The Prudential Insurance Company of America. In January 1988, Prudential issued the annuity contract to John R. Hickle. John designated his then-wife, Barbara Hickle, Defendant, as the sole primary beneficiary and did not designate a contingent beneficiary. John and Barbara divorced in September 1989, but John did not change the beneficiary under the contract. John passed away on September 6, 2014. Barbara subsequently submitted a claim form to Prudential, but Plaintiffs, John's six siblings, contested Barbara's claim on the basis of the divorce. Prudential

initiated this interpleader action as a result.  Barbara now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a)[1], and no party opposes the motion.

      Barbara asserts that she should receive the death benefit for the simple reason that John designated her as the beneficiary.  Indeed, just on the face of the contract, she is plainly entitled to the proceeds.  She claims that the divorce decree does not change this conclusion.  The court agrees.  Barbara and John's divorce settlement agreement states that each person "shall have the sole right, title and interest to . . . their own life insurance policies," but this language does not compel a different result.  Rather, this provision reinforces Barbara's argument that John, as the sole owner of the policy, was free to change the beneficiary at any point.  There is no evidence to suggest that he did that though.  Moreover, "Indiana case law is clear, in the context of life insurance contracts, that a divorce decree alone does not result in a change of the beneficiary named in the insurance policy."  *Graves v. Summit Bank*, 541 N.E.2d 974, 977 (Ind. Ct. App. 1989).  *See Hancock v. Ky. Cent. Life Ins. Co.*, 527 N.E.2d 720, 725 (Ind. Ct. App. 1988) ("[A]n ex-spouse who is the named beneficiary on a life insurance policy could collect death benefit proceeds unless the insured changed the beneficiary designation.").  Barbara is therefore entitled to the death benefit.

---

[1] Barbara ran afoul of the local rules when she failed to file a motion separate from her brief.  *See* S.D. Ind. L.R. 7-1(a-b).

The court finds that there is no genuine issue of material fact and Barbara is entitled to judgment as a matter of law.  Accordingly, Barbara's Motion for Summary Judgment (Filing No. 33) is **GRANTED**.  The Clerk is **ORDERED** to remit the funds Prudential deposited with the court to Barbara.

**SO ORDERED** this 4th day of April 2016.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distributed via U.S. Mail:

Wanda Gardner
1803 225th St.
Sauk Village, IL 60411

Doris Stokes
1126 Nanwich Ct.
Indianapolis, IN 46217-5368

Leona DeKoker
601 Riverbend Road
Belvidere, IL 61008-1474

Sharon Haynes
4928 Cherry Tree Ln.
Sykesville, MD 21784-9108

Dennis Hickle
1315 Wooten Road
Nesbit, MS 38651

Richard Hickle
4939 Oakbrook Ct.
Indianapolis, IN 46254